# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHONDA LYNN SHERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-700-F |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Rhonda Lynn Sherman ("Plaintiff"), appearing pro se, filed her complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's application for supplemental security income benefits. This matter was referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned recommends that the action be dismissed without prejudice for failure to obey court orders and to prosecute this action.

## Procedural History

Plaintiff filed her complaint on July 2, 2010 [Doc. No. 1]. On November 1, 2010, the undersigned entered an order noting that the 120-day period provided by Fed. R. Civ. P. 4(m) for service of process had expired and no proof of service had been made by Plaintiff [Doc. No. 6]. Accordingly, the undersigned gave Plaintiff until November 22, 2010, to file proof of service or to show cause why service had not been timely made. Plaintiff was cautioned that absent a showing of service or good cause, the undersigned would recommend that the

complaint be dismissed without prejudice. *Id.* In response to the show cause order, Plaintiff referenced health difficulties and stated that she believed she had 180 days rather than 120 days to effect service on Defendant [Doc. No. 9]. The undersigned extended Plaintiff's time for service for an additional 60 days or until January 21, 2011[Doc. No. 10].

Proof of service upon Defendant was filed by Plaintiff and after Defendant answered and filed the administrative record, the undersigned entered an order on March 22, 2011, setting a briefing schedule, in which Plaintiff was given 45 days to file her opening brief [Doc. No. 20]. Again, Plaintiff failed to comply with this order so the undersigned entered an order on May 10, 2011, directing her to show cause by May 20, 2011, why this matter should not be dismissed for her failure to prosecute [Doc. No. 21]. Plaintiff again failed to comply with the court's order, so on May 25, 2011, the undersigned entered an order directing Plaintiff to show cause by June 6, 2011, as to why the matter should not be dismissed for her failure to prosecute her case [Doc. No. 22]. A June 6, 2011, entry has been made on the court's docket sheet reflecting that the undersigned's May 25, 2011 order [Doc. No. 22] was returned as undeliverable [Doc. No. 23] at Plaintiff's last known address [Doc. No. 11].[1]

**<u>Analysis</u>**

Pursuant to Fed. R. Civ. P. 41(b), a court can dismiss an action sua sponte for failure to prosecute or to comply with the court's orders. *See also Olsen v. Mapes*, 333 F.3d 1199,

---

[1]The post office notation states that "Sherman" had "moved [and] left no address [and] unable to forward." [Doc. No. 23].

1204, n. 3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), the Tenth Circuit identified five factors relevant to determine whether a court has abused its discretion in dismissing a case. These five factors are (1) the degree of actual prejudice to Defendant; (2) the amount of interference with the judicial process; (3) the culpability of Plaintiff; (4) whether the court warned Plaintiff in advance that dismissal of the action would be a likely sanction for noncompliance; and, (5) the efficacy of lesser sanctions. *Id.* "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* While *Ehrenhaus* involved dismissal of an action as a discovery sanction under Fed. R. Civ. P. 37, the Tenth Circuit has adopted the *Ehrenhaus* standards for all orders of dismissal. *See In re Hopkins*, No. 98-1186, 1998 WL 704710, *2 (10th Cir. Oct. 5, 1998) (unpublished op.).

Although the degree of actual prejudice to Defendant Commissioner is presumably slight, the remaining factors tip the scale in favor of dismissal. In considering the amount of interference with the judicial process, the undersigned notes that this case has been pending since July, 2010, and is essentially no closer to a disposition now than it was when filed nearly one year ago. In considering the third *Ehrenhaus* factor, the undersigned finds that the culpability lies with the Plaintiff and with the Plaintiff alone. She has failed to comply with

the order establishing the briefing schedule, failed to comply with the show cause order of May 10, 2011, failed to respond to the second show cause order entered May 25, 2011, and failed to keep the court apprised of her current address as required by this court's Local Rules. *See* LCvR5.4. She has not attempted to offer the court any explanation for her repeated failures to comply with the court's orders or to seek an extension in which to comply. With respect to the fourth *Ehrenhaus* factor, Plaintiff has been warned that dismissal of this action was a possible sanction for her non-compliance with the court's orders. Finally, in considering the last *Ehrenhaus* factor, it is apparent that no lesser sanction would be effective as Plaintiff has failed to respond to court orders telling her that dismissal could result from her failure to comply and has failed to notify the court of her change of address so that mailings from the court could reach her.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

Based upon the foregoing, it is recommended that this action be dismissed without prejudice due to Plaintiff's failure to prosecute and failure to comply with court orders and rules.

The parties are advised of their right to file an objection to this Report and Recommendation by June 27, 2011, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

4

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 7th day of June, 2011.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE